REGAN, Judge.
Plaintiffs, Mrs. Estelle L. Doskey, and John E. Doskey, Jr., widow and son respectively of decedent, John E. Doskey, Sr., an officer who was pensioned after sixteen years of service in the New Orleans Public Department, instituted this suit against defendants, the Board of Trustees of the Police Pension Fund of the City of New Orleans, and the City of New Orleans, endeavoring to recover the sum of $700.32, representing decedent’s monthly pension of $58.38 from December 1st, 1946, through November 26, 1947, which sum is alleged to be community property and, accordingly, the widow and son are each entitled to one-half thereof, and on behalf of Mrs. Doskey, individually, the sum of $25 per month for the duration of her life or until her remarriage.
Defendants answered and admitted that John E. Doskey, Sr., was a member of the New Orleans Police Department for a period of sixteen years and was thereafter pensioned; that the Board of Trustees of the Police Pension Fund refused to continue payment of this pension to Doskey, Sr., after December 1, 1946, for the reason that he was convicted of a felony in the Criminal District Court on November 14, 1946 and, on December 2, 1946, sentenced to serve fifteen months at hard labor in the State Penitentiary; that under the terms of Act 167 of 1940, Section 20, any person otherwise entitled to a pension forfeits same when convicted of a felony; that his widow and son can have no greater right to a pension than was enjoyed by decedent himself and his conviction of a felony operated during his lifetime as a forfeiture of his right to a pension and of their right, after his death, to any of the benefits emanating therefrom.
From a judgment in favor of defendants, plaintiffs prosecute this appeal.
Counsel for plaintiffs informed us during oral argument that Mrs. Doskey remarried and that the monetary amount involved herein is limited to the sum of $700.-32.
The record reveals that the facts are not in dispute.
John E. Doskey, Sr., was a member of the New Orleans Police Department for a period of sixteen years. In 1941 Doskey retired and, in conformity with the provisions of Act 167 of 1940, he was granted a pension. In 1946 he was convicted of a felony and, iji consequence thereof, was incarcerated in the State Penitentiary. Upon receiving proof of his conviction and sentence the Board of Trustees discontinued payment of Doskey’s pension. After his release from the Penitentiary 'he formally requested the Board of Trustees of the Police Pension Fund to resume payment of his pension and, while the matter was pending, he died. Thereafter his widow aand son, as beneficiaries, filed a claim for the proceeds of the deceased’s pension, which the Board of Trustees of the Police Pension Fund refused to honor. Hence this suit
*298 It appears that the sole issue herein involves the interpretation of Section 20 of Act 167 of 1940, which reads:
“That after sixteen (16) years of continuous active service, no officer, member, employee or matron of the Police Department shall be deprived of his or her rights to the benefits, pensions and annuities provided for by this Act, for any reason less than conviction of a felony by a court of competent jurisdiction, which event alone shall forfeit all rights acquired under this Act.”
Plaintiffs contend that the forfeiture provisions of the statute, i. e. “conviction of a felony” is applicable only to active members of the police department and not to a former member thereof, retired and drawing a pension at the time of conviction for commission of a felony.
Defendants, in opposition thereto, maintain that the forfeiture provision contained in Section 20 of the Act applies not only to police officers on active duty, but to those retired and actually drawing a pension as well.
The only question posed for our consideration is whether the conviction of a retired and pensioned police officer for commission of a felony forfeits his right to the pension.
We are of the opinion that Act .167 of 1940, Section 20 thereof is applicable to active but not to retired members of the Police Department. T'he obvious intention of the Legislature, in enacting the forfeiture clause in the “Police Pension Statute” was to penalize an unworthy member thereof. However, an officer retired and pensioned is not a member of the police department. He is no longer entrusted with the obligations that usually devolve upon an officer of the law and, therefore, the Board of Trustees of the Police Pension Fund do not possess, by virtue of Section 20 of the act, the legal right to censure or penalize the pensioner because of his unworthiness as a citizen.
It will be noted that the act specifically states “that after sixteen (16) years of continuous active service, no officer, member, employee or matron of the Police Department shall be deprived * * *.” One retired and pensioned is not an “officer, meiru-ber, employee or matron of the Police Department” and therefore a pensioner is not encompassed by t'he forfeiture provisions of the act.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the plaintiffs, Mrs. Estelle Landry, Widow of John E. Doskey, Sr., and John E. Doskey, Jr., and against the defendants, the Board of Trustees of the Police Pension Fund of the City of New Orleans and the City of New Orleans, in the sum of $700.32 with legal interest from judicial demand until paid and for all costs.
Reversed.