161 A.2d 424 (1960)
COMMISSIONERS OF LEWES, a Municipal Corporation of the State of Delaware, Plaintiff,
v.
Oscar J. BLANKENBURG, Defendant.
COMMISSIONERS OF LEWES, a Municipal Corporation of the State of Delaware, Plaintiff,
v.
Sylvester Edward BUPP, sometimes known as Sylvester West, Defendant.
Court of Chancery of Delaware, Sussex.
May 5, 1960.
*425 Robert W. Tunnell, of Tunnell & Raysor, Georgetown, for plaintiff in each action.
Everett F. Warrington, Georgetown, for defendant in each action.
SEITZ, Chancellor.
The Commissioners of Lewes, ("Commissioners") have jurisdiction over the public lands outside the corporate limits which front on the Bay between the point of Cape Henlopen on the south and Vessey's (so enrolled) Inlet on the north. They also have exclusive authority and control over, inter alia, the Great and Beach Marshes, where the properties herein involved are located (43 Laws of Delaware, Chap. 170).
By the first of these two actions the Commissioners seek to compel the defendant, Oscar J. Blankenburg, to remove certain buildings which he has placed on land (150' by 150') which the Commissioners claim is under their jurisdiction. Before trial the defendant asserted that the land he occupied was owned or under the control of the United States. The evidence *426 demonstrated beyond doubt that the land occupied by defendant was not owned or under the control of the United States but was land subject to the jurisdiction of the Commissioners.
The defendant also contends that he acquired title to the land by adverse possession. The Commissioners argue that defendant could not acquire title to this land by adverse possession for reasons hereinafter discussed.
It appears that defendant first used the claimed land in about 1935. The Commissioners contend and defendant does not deny that State land is involved. I shall proceed on that assumption. Adverse possession generally applies against the State only when permitted by statute. The following statute was in effect in 1935 (7 Del. C. § 4502):
"A continued, uninterrupted and peaceable possession of any land, other than salt marsh, beach or shore, for 20 years by any person, or by those under whom he claims, shall be a bar to any claim of title in the State to such land, although no patent or grant has been made for the same, and nothing paid to the State therefor."
Defendant himself testified that the land claimed by him was part of an area which was salt marsh. The Commissioners' testimony supported the same conclusion. Thus, the defendant did not occupy land to which he could obtain title by adverse possession against the State. Moreover, the quoted statute was repealed in 1953, before defendant adversely possessed the claimed land for 20 years. This is an additional reason why defendant could not obtain title against the State by such possession.
The defendant also claims an estoppel but the evidence does not support this claim, assuming that it can be made against the State under these circumstances. It does appear that the then Commissioners could have been more diligent in making clear their position that the land in question was reserved for industrial use and that defendant would be given a lease elsewhere. However, I cannot find any basis for reliance on the action or inaction of the Commissioners as a body. I specifically find that defendant did not go on the land with the permission of the Commissioners. While defendant may have been encouraged to believe in later years by the words of one commissioner that a lease would be granted, there was no guarantee. Defendant's lack of firm reliance is shown by his letter to the Commissioners in 1956 seeking to obtain "title".
I conclude that plaintiff is entitled to an injunction directing the defendant within a fixed time to remove the structures from the premises and enjoining him from further obstructing the land. However, I think that fairness demands that defendant be offered again the opportunity to lease other available land.
The second action by the Commissioners is against Sylvester Bupp. The action was commenced on the theory that defendant was squatting on the land without a lease. It now appears that the land in question was leased in 1940 to the defendant's brother for a term of 15 years and that the brother placed the present structures on the land and permitted defendant to live there. That lease provided that it could be renewed for a further term of 15 years upon written application made on or before October 1, 1955. Such application was not made. In fact the brother has been missing since about the middle forties.
Defendant has continued to live in the property and paid rent during some of the years. However, no rent has been paid since 1955, when the original term expired. I think it fair to say that under the terms of the lease the defendant became either a sublessee or assignee. In either event he has no right to possession at this time. The *427 Commissioners gave him no basis to justify his remaining after the termination of the lease by its terms. I consider that defendant either owns or is trustee of his brother's interest in the buildings. While a mandatory injunction will therefore issue to compel the removal of the structures, it will provide defendant with a reasonable removal period.
Present order on notice.