STATE of Delaware, upon the relation of William J. MULRINE, Plaintiff Below, Appellant,

v.

William G. DORSEY, William Satterthwaite and Robert P. Shaw, constituting the Directors of the Department of Public Safety of the City of Wilmington, Defendants Below, Appellees.

Supreme Court of Delaware.

Dec. 18, 1970.

Bernard Balick of Aerenson & Balick, Wilmington, for plaintiff below, appellant.

Victor J. Colombo, Asst. City Sol., Wilmington, for defendants below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is an appeal from the decision of the Superior Court denying to the plaintiff a retirement pension as a former member of the Wilmington Bureau of Police.

---

Reference is made to the Opinion below (264 A.2d 515) for a statement of the facts and the contentions of the parties. It will be noted that the crux of the matter lies in the construction of the words "continuous service" as used in the Police Pension Fund Act of 1956.* We are unable to agree with the Superior Court's strict construction of that term.

The term "continuous service" is ambiguous. Did it mean, literally, service without any interruption whatsoever—not even a day? Or did it mean, more broadly, service without substantial interruption? Like the Directors of the Department of Public Safety and the Trustees of the Police Pension Fund who acted in the matter in 1952, and like the Directors who prior thereto had promulgated Department Rule 107, we think an excused interruption in service of less than one year did not violate the "continuous service" provision of the Act.

A broad construction of the statutory language is necessary, in our view, to permit rules and regulations, like Rule 107, allowing reinstatement after comparatively short severance of service for some excusable reason. Temporary physical or mental disability, temporary family exigency, temporary uncertainty of career, temporary active duty in the armed services, or temporary incompatibility with a superior officer are conceivable examples of such excusable reason. As we have indicated, we think unreasonable, and therefore not within the legislative intent, an interpretation under which any interruption of service,

no matter how brief, would mean loss of pension rights built up, as here, over a long period of years. And once the chain of continuity has been broken, who is to say whether a week, or a month, or 12 months is the length of the break necessary to violate the Law and mean loss of pension rights? It is our opinion that the Directors of the Department and the Trustees of the Pension Fund were the proper authorities to make that determination. They did so by adopting and applying Department Rule 107 permitting reinstatement within one year after the acceptance of a voluntary resignation. We hold that Rule 107 was reasonable and proper under the Act, and that the Department acted within the scope of its authority in promulgating and applying that Rule.

This conclusion is supported, we think, by other enactments of the General Assembly. As has been noted, following the decision of the Superior Court in this case, the General Assembly promptly amended the Wilmington Police Pension Act to remove the "continuous service" requirement. Simultaneously, a like provision was stricken from the Fireman's Pension Act. See 57 Del.C. Ch. 444. Also, we find no "continuous service" requirement in the State Police Pension Act (11 Del.C. § 8323); or in the State Teachers' Pension Act (14 Del. C. Ch. 39); or in the State Agency Voluntary Private Pension Act (29 Del.C. §§ 5321–5322). And, in the State Employees' Pension Act (29 Del.C. § 5501) there was a detailed specification of "allowable interruptions from continuous covered employment" prior to the 1955 Amendment. In

* 50 Del.L. Ch. 636, Sec. 1 provided:
"Section 1. Whenever a member of the Bureau of Police of the Department of Public Safety shall have become disabled or incapacitated from injuries received while in the active performance of official duty and whenever any member of said Bureau, who has performed faithful continuous service as such member for a period of not less than fifteen (15) years, shall have become permanently incapacitated from performing such regular active duty, he may be retired by the Directors of the Department of Public Safe-

ty from the regular active service and placed upon the retired list and all members of said Bureau who shall have performed faithful continuous service as such member for a period of at least twenty (20) years, shall, upon their own application, be placed upon the retired list whether they are disabled or not. * * *."
Following the decision below, the Law was amended to remove the "continuous service" requirement. See 57 Del.L. Ch. 443. The ruling herein, therefore, has no prospective effect.

the current § 5501, however, the "continuous" employment point of reference has been deleted. We find from such legislative pattern that public policy does not favor mandatory loss of pension rights as the result of a reasonable and excusable interruption of service.

We do not reach other grounds of appeal.

It is held, therefore, that there was error in the granting of the defendants' motion for summary judgment. The judgment below is reversed and the cause remanded for further proceedings not inconsistent herewith.