William G. **DORSEY** et al., Defendants Below, Appellants,

v.

**STATE** of Delaware, upon the relation of William J. **MULRINE**, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Nov. 2, 1971.

Victor J. Colombo, Asst. City Sol., Wilmington, for appellants.

Bernard Balick, of Aerenson & Balick, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the Superior Court in an action of mandamus from an order directing the Directors of the Department of Public Safety of Wilmington to grant William J. Mulrine a pension under the contributory Police Pension Law retroactive to July 1, 1960.

Mulrine became a member of the Bureau of Police on January 1, 1940 and continued as such until February 7, 1951 when he resigned. He applied for reinstatement on December 9, 1951. He was reinstated on December 12, 1951 with full seniority, and actually resumed his duties on January 1, 1952. He was readmitted to participation in the Police Pension Fund with full seniority on February 20, 1952.

On May 11, 1960 he applied for retirement on pension after 20 years' service, effective July 1, 1960. On January 9, 1961 his application was denied on the ground that his service had not been continuous, and he was advised that he would not be eligible for retirement until January 1, 1972. On April 3, 1961 Mulrine commenced an action of mandamus in Superior Court to compel the payment of his pension. This action was never disposed of and is the action before us in this appeal.

Mulrine continued on active duty until December 28, 1961 when he was arrested on a charge of first degree murder. The offense was not service-connected. Ultimately, on June 13, 1962, he entered a plea of guilty to manslaughter and thereafter served a prison sentence of five years. Upon his arrest he was suspended from active duty and upon entry of his plea of

guilty was discharged from the Bureau of Police. Following his discharge from prison, Mulrine reactivated the action of mandamus filed by him on April 3, 1961, claiming his pension rights under the Wilmington Police Pension Law.

In State ex rel. Mulrine v. Dorsey, et al., Del.Super., 264 A.2d 515 (1970), the Superior Court denied his right to a pension on the ground that he had not had 20 years' "continuous service" as required by 50 Laws, Ch. 636, § 1. On appeal, this court reversed, State ex rel. Mulrine v. Dorsey, et al., Del.Supr., 272 A.2d 709 (1970), holding that under the law the approximate eleven months' lapse in his service was not a breach of "continuous service", and remanded the cause for further proceedings.

Upon remand the Superior Court held in an unreported opinion that Mulrine, having satisfactorily completed 20 years' continuous service as a member of the Bureau of Police, was entitled to a pension, effective July 1, 1960, to be paid retroactively. From this ruling the City of Wilmington appeals.

The first point raised by the appellant is that the Wilmington Police Pension Law does not create vested rights in a member of the Bureau of Police when he has satisfied the requirements of the law for retirement. It is argued that police pensions are merely bounties given by the City for faithful service on the police force.

We note initially that the Wilmington Police Pension Law is a contributory pension system, that is, each member of the Bureau of Police qualifying under the law contributes a portion of his pay to the Police Pension Fund. There is a division of authority among the States as to whether or not a contributory pension system creates a vested interest in an employee who has satisfied the requirements for retirement. The cases are collected in an Annotation, 52 A.L.R.2d 437 (1957).

While the majority of States hold that no vested right is created in favor of the employee, it appears that those States which have more recently considered the question hold that a pension law calling for contributions from the employee creates vested rights once the requirements for retirement have been fulfilled. These pension rights then vest and thereafter are immune from abolition or adverse change.

■ We have carefully considered the division in the authorities and are of the opinion that the modern view is the better view: that pension rights under a municipality pension law become vested at least when the requirements for the grant of a pension have been fulfilled, even though the employee thereafter continues to remain on active duty without claiming his pension at the first opportunity. This line of authority recognizes the generally accepted theory that pensions are a part of the compensation of an employee to which ordinarily he is as much entitled as he is to the wages he is paid for the work actually performed by him.

■ We therefore hold that Mulrine's request to be retired on July 1, 1960 after 20 years of continuous service should have been granted, and that his right to a pension was vested on that date.

The second point raised by the City is that Mulrine, assuming he had a vested right to a pension, forfeited that right when he plead guilty to the felony of manslaughter.

It appears from the cases collected in the Annotation, 52 A.L.R.2d 437 (1957) that there is general agreement among the various jurisdictions that an employee eligible for a pension, that is, one who has fulfilled all the requirements, has rights therein which may not be denied except in accordance with express or necessarily implied provisions of the pension statute. In the case before us it is clear that as of July 1, 1960, Mulrine was entitled to be retired in

accordance with his request made to the proper authorities. As of this time, no act committed by him would have worked a forfeiture of his pension rights under the Wilmington Police Pension Law as of July 1, 1960.

The City, however, argues earnestly that his ultimate conviction of a felony in June, 1962, when he was still on active duty, worked a forfeiture of his pension rights since such conduct on the part of a member of the Bureau of Police was prohibited by the Bureau's regulations.

It is clear, however, that the forfeiture of a vested right to a pension, which Mulrine's was in July, 1960, may be made only if there is express statutory authority in the Pension Law itself, authorizing the abrogation of such a vested right. There was no such provision in the Wilmington Police Pension Law at the time of Mulrine's conviction and, therefore, no forfeiture can be made. Landry v. Board of Trustees of Police Pension Fund, 58 So.2d 296 (La.1952); Wallace v. City of Fresno, 42 Cal.2d 180, 265 P.2d 884 (1954); Special Project, 23 Vand.L.Rev. 927, 1125 (1970).

The situation is, therefore, that as of the time of the filing of Mulrine's action of mandamus, which laid dormant for a period of time but which has now been reactivated, he was entitled to his vested right to retirement as of July 1, 1960. Furthermore, since there was no provision of the Police Pension Law which would forfeit pension rights for conduct subsequent to retirement, it follows that if Mulrine had been granted retirement when he applied for it, as he should have been, that pension could not have been forfeited.

The Superior Court took this view and ordered the payment of Mulrine's pension rights retroactively. We agree.

The judgment below is affirmed.