**William G. DORSEY et al., Defendants below, Appellants,**

v.

**STATE of Delaware, upon the relation of William J. MULRINE, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Dec. 26, 1972.

Victor J. Colombo, Asst. City Sol., Wilmington, for defendants below, appellants.

Bernard Balick, of Aerenson & Balick, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

Appellants, William H. Dorsey, William Satterthwaite, and Robert P. Shaw, constituting the Directors of the Department of Public Safety of the City of Wilmington (hereinafter "The City"), seek reversal of an order of February 1, 1972, entered by the Superior Court, requiring The City to pay interest retroactively to July 1, 1960, on each monthly payment under the Police Pension Law to the appellee, William J. Mulrine (hereinafter "Mulrine"). The pertinent facts of this case are set forth in the first appeal of this case, Dorsey v. State ex rel. Mulrine, Del.Supr., 283 A.2d 834 (1971) (hereinafter "*Dorsey*"), wherein we held that Mulrine had a vested right to his pension payments from July 1, 1960, in that he had performed all requirements incident to the grant of that pension upon his request for retirement on that date.

The City contends that Mulrine has no right to any interest payments because a claim for interest was not pleaded, nor was it part of the judgment below. Moreover, it argues, the *Dorsey* holding that Mulrine had a vested right to the pension does not, *ipso facto*, imply a contractual relationship between the parties sufficient to establish a

right to interest on overdue payments because the Police Pension Law is of statutory origin and the statute makes no provision for interest penalties on overdue pension payments. 32 Del.Laws, Ch. 113 (1921); 29 Del.Laws, Ch. 128 (1917); 24 Del.Laws, Ch. 185 (1907).

## I

Contrary to The City's position, we are of the opinion that the Police Pension Law does indeed create a form of quasi-contract which binds The City to certain performances. The implied, or quasi-contract, is one where the law will infer the existence of a contractual relationship without regard to the actual intention of the parties where circumstances are such that justice warrants a recovery as though there had been a promise or contract. Trincia v. Testardi, 30 Del.Ch. 182, 57 A. 2d 638, 642 (1948); *see also* Bellanca Corp. v. Bellanca, Del.Supr., 3 Storey 378, 169 A.2d 620, 623 (1961).

Originally a pension was a gratuity usually offered to a retiring officer or executive of a company to show the company's appreciation for past services rendered. Those first pension systems were non-contributory and, although a person might have expected to receive a pension, the recipient usually did not accept employment or continue therein in reliance upon the expectation of a pension. As time and the nature of employment relationships passed, employers—even governments—found it necessary as a matter of competition to offer a pension plan benefit as an inducement for the hire or retention of employees. Indeed, in today's economy, the terms and conditions of an employer's pension plan play an important role in inducing a man to enter or continue in the service of that employer. In other words, it is a part of the consideration for the contract of hire.

Under Wilmington's pension plan, each member of the police department contributes two per cent of his pay, on a non-voluntary basis, to be placed in the Police Pension Fund, which will initiate monthly payments to the member upon his request at the end of twenty years of service, or his retirement due to service-encountered disability, or payments to widows and orphans under special circumstances. 32 Del.Laws, Ch. 113 (1921); 45 Del.Laws, Ch. 167 (1945). The effect of this plan, as we noted in *Dorsey,* is that "pensions are a part of the compensation of an employee to which ordinarily he is as much entitled as he is to the wages he is paid for the work actually performed by him." 283 A.2d at 836; Rupert v. Policemen's Relief and Pension Fund, 387 Pa. 627, 129 A.2d 487, 489 (1957); Bender v. Anglin, 207 Ga. 108, 60 S.E.2d 756, 760 (1950); Kern v. City of Long Beach, 29 Cal.2d 848, 179 P. 2d 799, 801 (1947); Bakenhus v. City of Seattle, 48 Wash.2d 695, 296 P.2d 536, 538 (1956); 60 Am.Jur.2d, Pensions and Retirement Funds § 49 (1972); 62 C.J.S. Municipal Corporations § 588b (1949).

Appellee's failure to demand interest in his original complaint does not bar his right thereto, where appellants were not harmed by the oversight. No such harm has been pointed out to us. The Court below doubtless considered the matter as though the complaint had been amended; its action does not constitute reversible error in this case.

## II

Performance by The City of its agreement with Mulrine was due on and after July 1, 1960, and The City breached its duty to pay him. Normally, upon such a breach, interest will run from the date the payment is due. Levien v. Sinclair Oil Corp., Del.Ch., 261 A.2d 911, 924 (1969); rev'd in part on other grounds, Del. Supr., 280 A.2d 717 (1971). However, where the party not in default (Mulrine) fails, for nine years, to seek relief upon the breach —July 1, 1960, to October 28, 1969—the debtor may be entitled to some relief in the amount awarded as interest, as pointed out by Judge Rodney in E. M. Fleischmann Lbr. Corp. v. Resources Corp. Inter., 114 F.Supp. 843 (Del.1953). It is only fair

and just that a plaintiff, by failing for no valid reason to prosecute his case with reasonable diligence, should not be permitted to magnify the defendant's loss, at least when the defense is asserted in good faith. The present action was instituted in 1961, and plaintiff allowed it to remain dormant until October, 1969, except for the filing of certain interrogatories in 1963. Even though Mulrine was imprisoned during part of that time, he was able to contact his attorney, who could have proceeded with the action. This delay was occasioned by Mulrine or his counsel. We hold therefore that he is not entitled to interest on the overdue payments prior to October, 1969.

We accordingly modify the judgment below to the extent that interest shall be recomputed and shall commence as of October 28, 1969; as so modified, it is affirmed.