EDWARD P. O'NEILL, PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF PENSIONS AND THE BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEES RETIREMENT SYSTEM, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 24, 1981—Decided April 7, 1981.

212

Before Judges FRITZ, POLOW and MORTON I. GREEN-BERG.

*McLaughlin & Cooper* for appellant (*William F. Hartigan, Jr.* of counsel and on the brief).

*John J. Degnan*, Attorney General of New Jersey, for respondent (*Erminie L. Conley*, Assistant Attorney General, of counsel; *Sharon M. Joyce*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

POLOW, J. A. D.

After a career of almost 20 years with the New York City Police Department, petitioner took employment as a special agent with the State Commission of Investigation (SCI) in July 1969. He immediately enrolled in the Public Employees Retirement System (PERS), *N.J.S.A.* 43:15A–1 *et seq.*, and upon his retirement in September 1977 began to receive pension benefits. Within a month or so thereafter the PERS Board of Trustees (Board) notified petitioner that his retirement allowance had been cancelled upon discovery that he had been receiving retirement benefits from another state and was thus ineligible for PERS membership at the outset under the provisions of *N.J.S.A.* 43:3C–1. Based upon the findings and recommendation of an administrative law judge, the Board issued its final administrative determination on January 17, 1980 affirming its original decision to deny petitioner's application for retirement benefits. Petitioner appeals.

*N.J.S.A.* 43:3C–1 prohibits enrollment in PERS of any employee receiving retirement benefits from a pension fund of this or any other state. That statutory provision became effective

more than a year prior to petitioner's employment with the SCI and his PERS enrollment. Nevertheless, petitioner insists that the Board is estopped from denying his eligibility because "before accepting the position . . . [he] had been advised that he would be eligible . . . for enrollment." Furthermore, he argues that "the pension system did nothing in its enrollment process to indicate otherwise." In the alternative, he urges that *N.J.S.A.* 43:3C–1 be declared unconstitutional as an abridgement of petitioner's right to equal protection of the law, inasmuch as it excludes prior pensioners of this or any other state but does not exclude federal or private pensioners. The administrative law judge refused to invoke the doctrine of equitable estoppel, concluding that it is inapplicable against a public body and that any advice given petitioner concerning his enrollment eligibility was not attributable to either the Division of Pensions or the Board of Trustees of the Public Employees Retirement System. The judge declined to rule on the constitutional argument, leaving that for determination by an appellate court.

We agree with the administrative law judge that the doctrine of equitable estoppel is inapplicable here. Although there is growing liberality in the use of the rule against public bodies, *see Tubridy v. Consolidated, etc., Pension Comm'n*, 84 *N.J.Super.* 257, 264 (App.Div.1964), there is here an absolute and unambiguous statutory declaration which deprives the agency of jurisdictional authority to award pension benefits under the circumstances. Thus, we distinguish this situation from those involving an irregular exercise of a basic power granted to a public body by statute where the doctrine of estoppel may be applicable in the interests of equity and essential justice. *Summer Cottagers' Ass'n v. Cape May*, 19 *N.J.* 493, 504 (1955). Where the Legislature has specifically imposed limitations on the exercise of power by a public body, equitable principles of estoppel are not available. *Slurzberg v. Bayonne*, 29 *N.J.* 106, 115 (1959). *See 405 Monroe Co. v. Asbury Park*, 40 *N.J.* 457, 463 (1963).

Furthermore, there is no evidence whatsoever that any agent, employee or representative of the Division of Pensions or PERS made representations of any kind to petitioner to induce him to accept SCI employment. We note that petitioner's enrollment application contains no response to the inquiry concerning his membership in any retirement system in this or any other state. Thus, we discern no basis for application of the doctrine of estoppel either to satisfy the interest of equity or that of essential justice. Petitioner has received reimbursement of his contributions.

We also reject petitioner's attack on the constitutionality of the statute. Although the statute does not exclude all pensioners from eligibility for enrollment, equal protection requires only that all persons within a class be treated alike and that the classification have some rational basis and be fairly related to a legitimate public purpose. The classification is presumed to rest on a rational basis if there is any conceivable state of facts which would afford reasonable support therefor. *Fair Housing Council, Inc. v. N. J. Real Estate Comm'n*, 141 *N.J.Super.* 334 (App.Div.1976), certif. den. 71 *N.J.* 526 (1976). There is no violation of the Equal Protection Clause "as long as the classification or discriminatory treatment effected thereby has some reasonable basis, is fairly related to a legitimate purpose, and may be justified upon any state of facts reasonably conceived." *Snedeker v. Board of Review*, 139 *N.J.Super.* 394, 403 (App.Div.1976).

There is a rational basis for the distinction in the provision under attack. There was no need for the Legislature to concern itself with federal pensioners who, as distinguished from former public employees of another state, are not given credit for pension purposes for time served in out-of-state public employment. The out-of-state public employee may buy into the New Jersey pension system and obtain pension credits for his prior public employment. Former federal or private industry employees impose no such potential burden on the New

Jersey pension system. Although there is legislative authority for transferability of pension credits from other states, *N.J.S.A.* 43:15A–73.1; *N.J.S.A.* 18A:66–13, there is no similar reciprocity between the State of New Jersey and the federal or private industry pension systems. Furthermore, all that is required is that the state's action be free from invidious discrimination and be rationally based. The Legislature is presumed to have acted within its constitutional powers, despite the fact that in practice its enactment may result in some inequality. *N. J. Chapter, Am. Inst. of Planners v. N. J. Bd. of Professional Planners*, 48 *N.J.* 581 (1967).

Affirmed.