Frank A. PETRAS, Plaintiff
Below, Appellant,

v.

STATE BOARD OF PENSION
TRUSTEES, et al., Defendants
Below, Appellees.

Supreme Court of Delaware.

Submitted: Feb. 23, 1983.

Decided: July 28, 1983.

Sheldon N. Sandler, Young, Conaway, Stargatt & Taylor, Wilmington, for appellant.

Roger A. Brown, Deputy Atty. Gen., Wilmington, for appellees.

Before HERRMANN, C.J., and HORSEY and MOORE, JJ.

MOORE, Justice:

Frank A. Petras, a retired school teacher, appeals an order of the Superior Court upholding a decision of the State Board of Pension Trustees that Petras had no right to receive, for purposes of determining his pension eligibility or benefits, free credit for time spent teaching in other states. We hold that until his pension rights vested, the "free credit" provision could be amended or eliminated by the General Assembly. Accordingly, we affirm.

I.

Prior to July 1964, Petras had taught school in other states for three years and eight months. When he came to Delaware in 1964 the state pension law permitted teachers to receive up to four years credit for out-of-state "professional educational employment", 29 *Del.C.* § 5530 (1962), in establishing the 30 years of service necessary for pension eligibility. To receive a pension under the law then in effect, one had to have either 30 years of service, or be more than 60 years old with 15 years of service. 29 *Del.C.* §§ 5501, 5521(a) (1953). The maximum benefit was $250 per month, offset by 50 percent of one's monthly Social Security benefit. That plan was noncontributory.

In 1966, the General Assembly amended the pension laws. 55 Del.Laws c. 348. In effect, the free credit was repealed, and credit for non-Delaware employment was available only upon payment to the newly-created State Employees' Retirement Fund of an amount equal to 5 percent of one's monthly salary for each month for which credit was sought, i.e., a "buy-in" provision. *Id.* at § 3. The amendments also (1) increased the maximum monthly benefit to $500; (2) made the plan contributory with 5 percent of one's salary going to the Fund; and (3) gave an employee, who was in covered employment on or before June 30, 1966, an option to elect either the benefits

available at the time of retirement or those provided before June 30, 1966.

Four years later, the plan was revised in its entirety. 57 Del.Laws c. 592. The maximum monthly benefit was increased to $1,000, and the new law permitted the vesting of pension rights after 20 years of credited service. However, the earlier option to elect pre-1966 benefits was eliminated. Subsequent amendments removed the maximum benefit limit for service after 1976 and reduced the vesting period to 10 years. 60 Del.Laws c. 483. *See also Murphy v. Board of Pension Trustees,* Del.Supr., 442 A.2d 950 (1982).

Throughout this period Petras remained employed by a Delaware school district. When he retired in July 1980, he sought to receive a pension calculated under the law in existence in 1980, but he also wanted the free credit for his out-of-state service, formerly permitted by the repealed 1964 law. His request was denied by the Pension Administrator, a decision that was affirmed by the Board. Petras then paid, "under protest," almost $4,200 in order to "buy-in" credit for his non-Delaware service pursuant to the law in effect in 1980.

II.

A.

Petras' principal argument is that he has an enforceable right to the free credit provided in the 1964 law. Thus, as the argument goes, the State is bound to give him such credit. Under Delaware law, however, his claim has no merit.

Though in some states pension plans for public employees are not held to create any contractual rights in the plan [*see, e.g., Bergin v. Board of Trustees,* 31 Ill.2d 566, 202 N.E.2d 489 (1964)], it is clear that in Delaware pension laws are a form of contract between the State and its employees. *In re State Employees' Pension Plan,* Del.Supr., 364 A.2d 1228 (1976); *Dorsey v. State ex rel. Mulrine,* Del.Supr., 283 A.2d 834 (1971). Whether one has contractual rights in a state pension plan depends on

when the contract came into existence, and assuming there is a contract, the circumstances under which it can be modified.

In *State Employees' Pension Plan* this Court ruled that vested contractual rights were held by those employees and former employees who satisfied the eligibility requirements for a pension, i.e., a pension contract exists when the pension is vested. 364 A.2d at 1235. Although the Court did not consider whether contractual rights inured to employees, whose pensions had not yet vested, this issue was resolved in *Grant v. Nellius,* Del.Supr., 377 A.2d 354 (1977). That decision, construing the right to a cost-of-living allowance, described *State Employees' Pension Plan* as being based on the premise that those who participate in a pension plan acquire contractual rights upon fulfillment of the eligibility requirements. 377 A.2d at 357. *See also State ex rel. State Board of Pension Trustees v. Dineen,* Del.Ch., 409 A.2d 1256, 1259 (1979) (pension vests upon completion of minimum period of credited service). Furthermore, *Grant* held that there was no protected interest in a statutory benefit if the statute was repealed prior to its effective date, and that such future benefits could lawfully be adjusted or eliminated. The import of these cases is that pension rights may be changed at any time before they become vested.

■ Thus, it is clear that no contract exists between an employee and the State, concerning the state pension plan, unless and until the pension vests. This result is consistent with that reached in other jurisdictions. *See, e.g., Police Pension and Relief Board v. McPhail,* 139 Colo. 330, 338 P.2d 694 (1959); *City of Jacksonville Beach v. State,* Fla.Supr., 151 So.2d 430 (1963); *Hickey v. Pension Board,* 378 Pa. 300, 106 A.2d 233 (1954). *See also* 60 Am.Jur.2d *Pensions & Retirement Funds* § 49, at 920–21; § 55, at 929–30 (1972). Because in 1964 the period for vesting of pensions was 30 years, Petras, who had only completed two years service before the free credit provision was changed, had no vested right in

that provision or, for that matter, in the plan as a whole. The General Assembly's modification of the pension plan, therefore, did not violate any contractual right.

## B.

Petras next contends that the State is estopped from denying him free credit for his out-of-state service because he relied on the 1964 pension law in coming to Delaware. He asserts that during a period in the early 1960's, when there was a shortage of teachers, the State was attempting to persuade qualified and experienced educators to come to Delaware. To do so, he argues, the State held out as an inducement the prospect of being able to apply four years of out-of-state service toward pension eligibility.

■ There is no record support whatever for an argument about the inequity of Petras' pension status, purportedly resulting from an alleged expectation of receiving the free credit. Certainly, "the fundamental intent and purpose of a public Pension Plan is to encourage individuals to enter and remain in public service by arranging for a pension which, by fulfillment of specified eligibility requirements," may become the employee's property as a matter of right upon leaving the State's employ. *State Employees' Pension Plan,* 364 A.2d at 1235. *See also Fraternal Order of Firemen v. Shaw,* Del.Supr., 196 A.2d 734, 736 (1963). However, there is no evidence that the General Assembly included the free credit provision in the 1964 law with the specific intent of attracting out-of-state teachers to Delaware. In addition, there is no evidence that Petras accepted a teaching position here based upon a material assurance from anyone in authority that, almost 20 years later, he would be entitled to free credit for his non-Delaware teaching experience. *Compare O'Neill v. Division of Pensions,* 178 N.J.Super. 211, 428 A.2d 562 (1981); *Tubridy v. Consolidated Police & Firemen's Pension Fund Comm'n,* 84 N.J.Super. 257, 201 A.2d 736 (1964). Thus, Petras' claim of estoppel must fail. *E.g., Commissioners of*

*Lewes v. Blankenburg,* Del.Ch., 161 A.2d 424 (1960).

### C.

■ Finally, Petras argues that the free credit provision was a severable portion of the pension plan and that the 1966 amendment to the pension law was not intended to be retroactive. Our consideration of these contentions is inherent from the foregoing analysis of the law. As is apparent from our discussion, we find such arguments to be without merit.

\* \* \*

AFFIRMED.