**Ronald THOMPSON, Plaintiff,**

v.

**STATE BOARD OF PENSION TRUSTEES, Defendant.**

Superior Court of Delaware, Kent County.

Submitted: June 13, 1988.
Decided: Sept. 28, 1988.

John S. Grady, Dover, for plaintiff.

Regina M. Mullen, Deputy Atty. Gen., Wilmington, for defendant.

OPINION

RIDGELY, Judge.

Plaintiff Ronald Thompson ("Thompson") appeals a decision of the State Board of Pension Trustees ("the Board") pursuant to 29 *Del.C.* § 8308(i).[1] Thompson argues that the Board erred as a matter of law when it denied him interest on an award of disability pension benefits. The Board responds that, because no "judgment" has been entered, there is no entitlement to prejudgment interest. It further asserts that it has no statutory authority to pay interest. Finally, the Board contends that, if interest is due, it should be calculated only from the date the Board determined that Thompson was entitled to a pension. The Court holds that the award of interest is within the remedial authority of the Board. A remand of this matter is required in order that the Board may determine the amount of any interest due Thompson after considering whether or not he has prosecuted his claim with reasonable diligence.

I.

Thompson was a member of the Delaware State Police from June 1, 1973 until August 7, 1981, when he resigned for health reasons. Just prior to his resignation, Thompson applied for service-connected disability pension benefits due to injuries received in two work-related incidents. The first occurred in February 1981 when his patrol car was struck from behind by a suspect in the course of a high-speed chase. The second occurred in May 1981 when Thompson was kicked in the face and assaulted by an arrestee. After a hearing, the Board denied Thompson's application in 1983.

In 1986, Thompson requested a rehearing, and the Board reopened the matter over the objection of the Pension Office. On September 9, 1987, a hearing panel of the Board recommended that Thompson be

---

1. 29 *Del.C.* § 8308(i) provides:

Any applicant for a pension aggrieved by a decision after a hearing by the Board of Pension Trustees may appeal that decision to the Superior Court and such appeal and review shall be conducted according to the provisions governing judicial review of case decisions under the Administrative Procedures Act. (29 *Del.C.* Chapter 101).

granted service-connected disability effective August 8, 1981 subject to the deduction of an amount equal to his withdrawal benefit from his first pension check. Counsel for Thompson then sought interest at the legal rate from August 1981. The Board approved the hearing panel's recommendation for pension benefits but summarily denied the application for interest.

On October 31, 1987, Thompson received his retroactive benefits in the lump-sum amount of $104,608.58 without interest.

## II.

■ It is settled that Delaware's pension laws are a form of contract between the State and its employees. *Petras v. State Board of Pension Trustees,* Del.Supr., 464 A.2d 894 (1983); *In Re State Employees Pension Plan,* Del.Supr., 364 A.2d 1228 (1976); *Dorsey v. State ex rel. Mulrine,* Del.Supr., 283 A.2d 834 (1971) ("*Dorsey I*"). Given this contractual relationship, the right to interest on overdue pension benefits has been recognized even when the pension law makes no provision for interest. *Dorsey v. State ex rel. Mulrine,* Del.Supr., 301 A.2d 516 (1972) ("*Dorsey II*"); *State ex rel. Board of Pension Trustees v. Dineen,* Del.Ch., 409 A.2d 1256 (1979). "Normally upon such a breach, interest will run from the date the payment is due." *Dorsey II, supra* at 518. The rate of interest is determined by 6 *Del.C.* § 2301(a).[2] This right to interest is not absolute, however. Because an applicant will not be permitted to magnify his own loss, he may lose his right to interest if he fails to prosecute his claim with reasonable diligence.[3] *Dorsey II, supra.*

## III.

■ The Board seeks to distinguish *Dorsey II* and *Dineen* upon the ground that in those cases interest was awarded pursuant to a judgment of a court and here no judgment has been entered against the Board. I find no merit to this argument. The right to interest in breach-of-contract cases does not turn upon whether a judgment has been entered. A judgment does not create the right to interest, rather, it is a means of enforcing a right that already exists. The "allowance of interest is in the nature of damages; [it is] as much of an injured plaintiff's substantive right as the right to damages themselves." *Superior Tube Co. v. Delaware Aircraft Industries, Inc.,* 60 F.Supp. 573, 575 (D.Del.1945).

■ The Board next contends that it has no statutory authority to pay interest on overdue pension benefits. Yet, it is clear from Delaware caselaw that the Board may pay interest because it has previously been instructed to do so. *See State ex rel. Board of Pension Trustees v. Dineen, supra.* Furthermore, the authority granted to an administrative agency should be construed so as to permit the fullest accomplishment of legislative intent or policy. *Atlantis I Condominium Association v. Bryson,* Del.Supr., 403 A.2d 711 (1979). The Board's duties include the responsibility "to determine eligibility for disability pension benefits." 29 *Del.C.* § 8308(b)(2). It is expressly authorized by statute "to do all other things pursuant to law which are necessary to enable it effectively to discharge its duties of office." 29 *Del.C.* § 8308(c)(8). Because the Board adjudicates disputes over pension benefits, the legislature necessarily intended that the Board be permitted to award a pensioner all sums to which he is lawfully entitled. In this context, an applicant's benefit includes interest on overdue payments unless

---

2. 6 *Del.C.* § 2301(a) provides in pertinent part: Where there is no expressed contract rate, the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due; provided, that where the time from which interest is due predates April 18, 1980, the legal rate shall remain as it was at such time.

3. This principle applies equally to claims for prejudgment interest on awards of money damages. *See Summa Corp. v. Trans World Airlines, Inc.,* Del.Supr., 540 A.2d 403, 409 (1988); *Moskowitz v. Mayor of Wilmington,* Del.Supr., 391 A.2d 209, 211 (1978); *Maryland Casualty Co. v. Hanby,* Del.Supr., 301 A.2d 286, 288 (1973); *Rollins Environmental Services, Inc. v. WSMW Industries,* Del.Super., 426 A.2d 1363 (1980); *E.M. Fleischmann Lumber Corp. v. Resources Corp. International,* 114 F.Supp. 843 (D.Del.1953).

there has been a failure to prosecute the claim with reasonable diligence. I hold that the award of interest is within the remedial authority of the Board. *Compare Reserve Supply Corp. v. NLRB*, 317 F.2d 785, 789 (2d Cir.1963); *NLRB v. Local 138*, 385 F.2d 874, 878 n. 22 (2d Cir.1967) (NLRB may award interest on back pay award even though statute makes no mention of interest).

The Board next contends that it would be an undesireable burden for it to make individualized determinations of whether there has been a failure to prosecute a claim with reasonable diligence. When the law is settled that a pensioner is entitled to interest except in certain circumstances, the burden must nonetheless be borne.

### IV.

■ Turning to the issue of whether Thompson is entitled to interest, there are no findings by the Board in the record to explain its summary denial of interest. When the record is insufficient for this Court's review, it must remand the case to the Board for further proceedings on the record. 29 *Del.C.* § 10142(c). Upon remand, a hearing shall be held to determine what amount of interest, if any, should be awarded to Thompson.

❖ ❖ ❖

Accordingly, the decision of the Board to deny interest is REVERSED, and this matter is REMANDED for further proceedings consistent herewith.

IT IS SO ORDERED.