**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0599-18T2

LEADER TRANSPORTATION,
INC.,

     Plaintiff-Appellant,

v.

GREEN TRADE LOGISTICS,
INC.,

     Defendant,

and

YONI BENHAIM,

     Defendant-Respondent.

_____

Submitted May 30, 2019 – Decided June 24, 2019

Before Judges Simonelli and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1567-18.

Garry Pogil, attorney for appellant.

Laddey, Clark & Ryan, LLP, attorneys for respondent (Jonathan Noah Frodella, on the brief).

PER CURIAM

Plaintiff, Leader Transportation, Inc., appeals from the September 7, 2018 and September 25, 2018 orders denying its motion to amend the complaint and granting defendant's motion to dismiss. For the reason that follow, we dismiss.

We note at the outset, plaintiff has not provided the record of the motions; therefore, we do not know the legal basis for the trial court's determination beyond what we discern from the judge's ruling in the orders. Based on our review of the limited appellate record, Green Trade Logistics, Inc. (Green Trade) engaged plaintiff to pick up and deliver shipping containers. Defendant Yoni Benhaim was, according to plaintiff, Green Trade's vice-president. In April 2016, plaintiff alleged Green Trade agreed to pay plaintiff $325 per transaction.

On April 23, 2018, plaintiff filed a breach of contract claim against Green Trade. On June 1, 2018, defendant pro se filed an answer denying the allegations with an affirmative defense. Green Trade never answered the complaint, and the trial court entered default against it on July 20, 2018.

On September 7, 2018, the court entered an order dismissing plaintiff's complaint against defendant "for the reasons stated in the moving papers." The court stated, "[t]he [c]omplaint is not sufficiently pled to establish personal

liability against the movant under [State, Department of Environmental Protection v. Ventron Corp., 94 N.J. 473 (1983)]." The judge entered a second September 7, 2018 order granting plaintiff's cross-motion to amend the complaint and denying defendant's motion to dismiss. The order stated:

> [p]laintiff has not sufficiently pled a cause of action for promissory estoppel. [See O'Neill v. State, Dep't of Treasury, 178 N.J. Super. 211 (App. Div. 1981)], [and has not] sufficiently pled a cause of action to pie[r]ce the corporate veil. [See Richard A. Pulaski Constr. Co. v. Air Frame Hangars, Inc., 195 N.J. 457 (2008)].

On September 14, 2018, defendant's counsel submitted a letter to the trial court seeking clarification of the conflicting orders entered on September 7, 2018. On September 25, 2018, the trial court entered a corrected order confirming that defendant's motion to dismiss was granted, plaintiff's cross-motion to amend the complaint was denied and plaintiff's amended complaint "was improvidently entered and will [be] stricken from the docket."

On October 9, 2018, plaintiff filed a notice of appeal. On October 16, 2018, plaintiff amended its notice of appeal, appealing both the September 7 and September 25, 2018 orders. On appeal, plaintiff argues the trial judge erred by denying its motion to amend the complaint and that the amended complaint stated claims for breach of contract and promissory estoppel and provided

A-0599-18T2

sufficient grounds to pierce the corporate veil. Based upon the record provided, we cannot address these arguments.

Although the court's orders were included in the appellate record, none of the moving papers presented to the trial judge were provided. Plaintiff did not list the items presented to the trial judge; thus, we do not know what the trial judge considered. "A party on appeal is obligated to provide the court with 'such other parts of the record . . . as are essential to the proper considerations of the issues.'" Society Hill Condo. Ass'n, Inc. v. Society Hill Assocs., 347 N.J. Super. 163, 177 (App. Div. 2002) (quoting R. 2:6-1(a)(1)(I)); see also R. 2:6-3.[1]

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1]

> The record on appeal shall consist of all papers on file in the court . . . , with all entries as to matters made on the records of such courts . . ., the stenographic transcript . . . , and all papers filed with or entries made on the records of the appellate court.
>
> [R. 2:5-4(a).]