**Fiore A. NARDO and Julia Nardo, Plaintiffs,**

v.

**GUIDO DeASCANIS & SONS, INC., a corporation of the State of Delaware, Defendant.**

Superior Court of Delaware.

New Castle.

May 26, 1969.

———————◆———————

Alfred M. Isaacs, Wilmington, for plaintiffs.

H. Alfred Tarrant, Jr., Wilmington, for defendant.

OPINION

MESSICK, Judge.

This is the decision on defendant's motion for summary judgment. The undisputed facts are these:

In 1956 the parties entered into a written contract for the construction of a combination business and residential property. Construction was completed in July, 1957.

Sometime in 1959 plaintiffs first noticed that a basement wall became damp after rainfall. They did not suspect at that time that the cause might be a defect in the building's superstructure. In fact they did not know the actual cause and had the wall waterproofed as a remedial measure. It was then that a sagging of the original roof was first noticed, but the workman on the job attributed the condition to ordinary wear and tear incident to the "sloppy building of today."

The new roof apparently stemmed the tide until sometime in 1963 or 1964 when dampness appeared in the upstairs bedroom walls. In late 1965 or early 1966 the workman who had erected the second roof five to six years earlier was again called in. It was at this time that he discovered, by looking into the attic with a flashlight, that the roof rafters were improperly placed.[1]

Plaintiffs thereupon notified defendant of their claim.[2] When no satisfaction appeared to be forthcoming, plaintiffs filed this action on July 3, 1967, claiming both breach of contract and negligence with respect to the placement of the roof rafters.

The instant motion for summary judgment is based upon the bar of the statute of limitations. Defendant cites 10 Del.C. § 8106, a three-year "accrual" statute, as governing both the contract and tort claims and, alternatively, 10 Del.C. § 8106A, a two-year accrual statute, as governing the tort claim.[3]

In opposing defendant's summary judgment motion, plaintiffs argue that fraudulent concealment of the facts forming the basis for a cause of action tolls the statute of limitations until such time as the facts are, or could reasonably be, discovered.

---

1. Specifically, the roof rafters were resting upon furring strips. They had not been inserted into or placed upon the block walls, as was allegedly customary practice and required by the county building code.

2. There is nothing in the record to indicate what, if any, contact existed between the parties between 1959 and 1966 with regard to the dampness and sagging roof problems. The waterproofing done in 1959 and the erection of a new roof in 1960 or 1961 were not done by defendant.

3. It is questionable whether 10 Del.C. § 8106A has any relation to this case, as that statute relates to injury to *personal* property and the damage here was to *realty*.

See Giordano v. Czerwinski, 216 A.2d 874 (Del.Sup.Ct.1966); Mastellone v. Argo Oil Corp., 7 Terry 102, 82 A.2d 379 (Del.Sup. Ct.1950).

In *Giordano* defendant promised to provide insurance coverage for plaintiff when he was not licensed and knew he was not licensed to sell insurance. The difference between the fraudulent concealment cases, particularly *Giordano,* and the case at bar is the absence here of any showing of the required fraudulent intent.

■ Fraudulent concealment required something affirmative in nature designed or intended to prevent, and which does prevent, the discovery of facts giving rise to a cause of action—some actual artifice to prevent knowledge of the facts or some representation intended to exclude suspicion and prevent inquiry. 34 Am.Jur., Limitation of Actions, § 234 (1941).

One who purports to sell or provide insurance knowing he is unauthorized to do so intends, by the very act of posing as an insurance man and telling plaintiff he has coverage, to conceal the fact that he is not authorized to provide insurance and that, therefore, no valid insurance is forthcoming.

■ Here there is nothing on the record to indicate that the roof rafters were improperly placed with the fraudulent intent to conceal such fact from plaintiffs, or that there was then or thereafter any affirmative act of concealment by defendant or any representation designed to exclude suspicion and prevent inquiry. As a matter of law the statute of limitations could not have been tolled by fraudulent concealment.

Plaintiffs' second argument in opposition to the motion for summary judgment is based upon language in Allen v. Layton, 246 A.2d 794, 800 (Del.Sup.Ct.1968). It is admitted by plaintiffs that the narrow holding in Allen v. Layton is not applicable here, particularly in view of the Court's strenuous efforts to limit the holding set out at page 799 of its opinion.

However, the Court did refer, with seeming favor, to the time-of-discovery[4] rule as the rule being adopted in an increasingly large number of other jurisdictions in construing "accrual" type statutes of limitations. The Court stated that it was not adopting the time-of-discovery rule as such because 10 Del.C. § 8118, with which it was dealing, was not an "accrual" statute. Plaintiffs take this latter statement to mean that the Court approves of the time-of-discovery approach and would apply it to "accrual" statutes generally, including 10 Del.C. § 8106.

It should be noted that the time-of-discovery rule has found application in malpractice cases and it was with respect to *such* cases that the Court addressed its seemingly favorable comments on the time-of-discovery approach. No cases have been cited showing extension of the discovery rule to breach of contract cases or to negligence cases other then those of malpractice. It would be presumptuous of this Court to extend the discovery approach to "accrual" statutes generally, particularly in a non-malpractice case.

■ The traditional rules regarding accrual of a cause of action therefore apply here. A cause of action for breach of contract accrues at the time of the breach and a cause of action in tort accrues at the time of the injury. 34 Am.Jur., Limitation of Actions § 137, § 160.

■ In this case the contract action accrued in 1957 when the roof rafters were improperly installed. The tort action accrued at the time of the injury allegedly resulting from defendant's negligence. With respect to the dampness problem, the action accrued in 1959. With respect to the sagging roof, the action accrued by at least

4. As opposed to the time of the wrongful act or omission. See Allen v. Layton, supra, at 800.

1960 or 1961.[5] In no event are any of the claims filed in July of 1967 within the three-year statute of limitations, 10 Del.C. § 8106.

Finally, plaintiffs addressed several remarks at argument to the alleged "inherently unknowable" nature of the wrong. Since neither the rule in Allen v. Layton nor the time-of-discovery rule apply in this case, a discussion of whether certain wrongs were "inherently unknowable" is not necessary here.

For the foregoing reasons the bar of the statute of limitations applies as a matter of law and defendant is entitled to summary judgment.

It is so ordered.

5. Plaintiffs would have the cause of action accrue in 1965 or 1966 when it was discovered that the roof rafters had been misplaced.